In the Matter of the ESTATE OF Thomas Michael DeCERO, Jr., Deceased.

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Marla Jean DeCERO, Appellee.**

**No. 45A03–9008–CV–355.**

Court of Appeals of Indiana, Third District.

Jan. 22, 1991.

Albert C. Hand and Lynn Hammond, Hand, Muenich, Wilk & Reid, Highland, for appellant.

William J. Moran, Highland, for appellee.

HOFFMAN, Presiding Judge.

Appellant State Farm Fire and Casualty Insurance Company appeals a judgment in favor of Marla–Jean DeCero, personal representative of the Thomas Michael DeCero, Jr., estate. The facts indicate that Thomas Samuel DeCero and Marla–Jean DeCero were the parents of Thomas Michael DeCero. On November 17, 1981, Thomas Michael DeCero, age 7, was injured when he fell from a rope attached to a playhouse at the home of David and Terryll Greinke. State Farm insured the Greinkes.

On March 4, 1983, State Farm and the Greinkes entered a settlement agreement with Marla Jean and Thomas Samuel DeCero, individually and as natural parents and guardians of Thomas Michael DeCero, a minor. The DeCeros were not represented by legal counsel at that time. State Farm's and the Greinkes' legal counsel drafted the settlement agreement.

The settlement agreement released State Farm and the Greinkes from liability in exchange for periodic payments ending in 1995. The periodic payments were to total $36,030.00. The settlement agreement included the following:

> "State Farm Fire and Casualty Company shall at all times remain directly responsible for the payment of all periodic payments ... of this Agreement...."

The settlement agreement had no provision for payment upon the death of Thomas Michael DeCero.

On May 1, 1983, State Farm purchased an annuity from the Life Insurance Company of North America naming Thomas Michael DeCero annuitant and Marla–Jean and Thomas Samuel DeCero beneficiaries as allowed by the settlement agreement.

On May 30, 1988, Thomas Michael DeCero died. On July 6, 1988, the Lake Superior Court appointed Marla–Jean DeCero personal representative of the Thomas Michael DeCero estate.

On May 16, 1990, Marla–Jean DeCero, as personal representative of the Thomas Michael DeCero estate, filed an action against State Farm to enforce the settlement agreement. On July 17, 1990, the Lake Superior Court ordered State Farm to pay the Thomas Michael DeCero estate $30,000.00 in satisfaction of the settlement agreement. This appeal ensued.

■■■ State Farm contends the settlement agreement proceeds are not assets of the Thomas Michael DeCero estate. The settlement agreement states in part:

"This release is entered into in lieu of a suit for damages received on account of the injuries suffered by Thomas M. DeCero, a minor, based upon the tort action arising from the occurrence."

The settlement agreement created a demand due Thomas Michael DeCero for the personal injuries he suffered. When Thomas Michael DeCero died, the demand created by the settlement agreement became an asset of his estate. The settlement agreement provided that State Farm "at all times remain directly responsible for the payment ... of the Agreement." The Lake Superior Court did not err in ordering State Farm to pay the settlement agreement proceeds to the Thomas Michael DeCero estate.[1]

■■■ State Farm argues that the Lake Superior Court did not have jurisdiction. When Thomas Michael DeCero died on May 30, 1988, his guardianship administered by the Lake Circuit Court terminated. IND. CODE § 29–1–18–47(a)(4) (1988 Ed.) (repealed effective July 1, 1989). State Farm failed to present legal authority explaining how termination of guardianship jurisdiction in Lake Circuit Court foreclosed probate jurisdiction in Lake Superior Court. The demand due Thomas Michael DeCero passed to his estate at his death. The Lake Superior Court has probate jurisdiction. IND.CODE § 33–5–29.5–4 (1988 Ed.) (amended 1988, 1989 and 1990). The personal representative had the power to bring suit to recover the demand due Thomas

Michael DeCero. IND.CODE § 29–1–13–1 (1988 Ed.). The Lake Superior Court had jurisdiction to decide this case.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. State Farm maintains the DeCeros could receive a double recovery if they collect as beneficiaries of the annuity from the Life Insurance Company of North America. The double recovery would result from State Farm's drafting of the settlement agreement not trial court error.